**GARIEPY v. PEARSON et al.**
Civ. A. No. 437–50.

United States District Court,
District of Columbia.

April 14, 1954.

See also, 92 U.S.App.D.C. 337, 207 F.2d 15.

598

Spencer, Moore & Whalen, Washington, D. C., for plaintiff.

Edw. G. Villalon, John Donovan, Dwight, Royall, Harris, Koegel & Caskey, Washington, D. C., for defendants.

McGUIRE, District Judge.

The defamation upon which this action is based is allegedly contained in the following language:

"Detroit. The Justice and Treasury Departments have ordered the prosecution of Dr. Bernard F. Gariepy of Royal Oak, Michigan, in a strange income-tax case indirectly involving Father Coughlin. Dr. Gariepy's defense is that Father Coughlin gave him $68,000 because of alienation of affection of Mrs. Gariepy by the radio priest. The Justice Department plans to prosecute Gariepy anyway.

"Despite denials, the income tax case of Dr. Bernard F. Gariepy, indirectly involving Father Coughlin, will be brought to trial. When that trial takes place we will see who was really telling the truth."

The plaintiff alleges in her complaint that the "Said words were broadcast and published without justification and were broadcast and published with actual malice toward *said Father Coughlin* and plaintiff and were in utter disregard of plaintiff's rights." (Emphasis supplied.)

There is before the court at this time a motion by the defendants to strike that portion of the above quoted sentence taken from the plaintiff's complaint which reads "said Father Coughlin". The defendants argue that any malice they might have had toward a third person not a party to this action would be irrelevant upon the issue of malice toward the plaintiff.

Although it has been held that prior and contemporaneous publications of the *same* libel may be used to show malice, Post Publishing Co. v. Hallam, 6 Cir., 1893, 59 F. 530, evidence of defamation committed by the defendant against third persons in no way connected with the suit is inadmissible.[1] However, where, as in the instant case, the defamation against the third party was contained in the same publication in which the plaintiff was defamed and where the defamatory words contain the same implication and relate to the same transaction in which the plaintiff and the third person were equally concerned, then evidence of malice on the part of the defendant toward this third person would be relevant and admissible. Miller v. Butler, 1850, 6 Cush., Mass., 71, 52 Am.Dec. 768; Linnehan v. Sheeran, 1921, 150 Minn. 171, 184 N.W. 835. In Newell on Slander & Libel (4th Ed. 1924) the rule is expressed as follows in section 711:

"The jury may take into consideration the whole publication and if it contains statements concerning other persons, which are malicious, the jury may infer therefrom that what it said of the plaintiff is also malicious."

The defendant's motion to strike is denied.

1. Cochran v. Butterfield, 1846, 18 N.H. 115; Bearce v. Bass, 1896, 88 Me. 521, 34 A. 411; Newell, Slander & Libel (4th Ed.1924), Sec. 710.